UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOHN WALKER, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | |
| CARDINAL LOGISTICS MANAGEMENT | § | Civil Action No.: _____ |
| CORPORATION AND WALTER | § | Jury Trial |
| CRAWFORD, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AGAINST DEFENDANTS
CARDINAL LOGISTICS MANAGEMENT CORPORATION AND WALTER CRAWFORD**

### I.    PARTIES

1.    Plaintiff, John Walker ("Plaintiff" or "Mr. Walker"), is an individual and a citizen and resident of the State of Texas. Mr. Walker has standing and capacity to file this action.

2.    Defendant, Cardinal Logistics Management Corporation, ("Cardinal Logistics"), is a corporation organized under the laws of North Carolina, with its principal place of business at 5333 Davidson Hwy., Concord, North Carolina 28027. Cardinal Logistics is authorized to conduct business in Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

3.    Defendant, Walter Crawford ("Mr. Crawford"), is an individual that, on information and belief, is a resident and citizen of Louisiana, and may be served

with process at 36235 Teat Blackwell, Pearl River, Louisiana 70452 or wherever he may be found.

4. Mr. Crawford and Cardinal Logistics are being sued in their correct respective capacities as related to this cause of action and the claims made herein.

## II. JURISDICTION AND VENUE

5. The Court has jurisdiction over the lawsuit under 28 USC §1331(a) because Plaintiff and Defendants are citizens of different U.S. states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Plaintiff John Walker is a citizen of Texas. Cardinal Logistics is a corporation incorporated under the laws of North Carolina with its principle place of business located at 5333 Davidson Hwy., Concord, North Carolina 28027. ON information and belief, Mr. Crawford is a citizen of Louisiana.

7. Venue is proper in this district under 28 USC §1391(b)(2), because a substantial part of the events giving rise to this claim occurred in this district.

## III. CONDITIONS PRECEDENT

8. All conditions precedent to Plaintiff's claims for relief, if any, have been performed or have occurred.

## IV. FACTS

9. On or about October 1, 2019, Mr. Walker was properly restrained and driving a 2002 Ford F-250 (the "F-250") traveling westbound on Market Street, in or near Houston, Texas. At that time, Mr. Crawford, operating a 2019 Freightliner

Cascadia (the "Freightliner"), while in the course and scope of his employment with Cardinal Logistics, was traveling southbound on Gelhorn Drive at its intersection with Market Street. However, Mr. Crawford made an unsafe left turn, thereby causing the Freightliner to collide with the F-250 (the "Collision"), in turn causing Plaintiff severe personal injuries.

### V.   CAUSES OF ACTION

#### A.   Negligence as to Walter Crawford

10. At the time of the Collision and at all relevant times, Mr. Crawford's acts and/or omissions constituted negligence. Mr. Crawford owed Mr. Walker a duty of ordinary care, that is, a duty to exercise the degree of care that a reasonably prudent professional truck driver and/or motor carrier operator would exercise to avoid harm to others under the same or similar circumstances.

11. Mr. Crawford breached his duty of care through his acts and/or omissions, including, but not limited to:

    a. Making an unsafe left turn;

    b. Failing to keep a proper lookout;

    c. Failing to control the Freightliner, including its speed;

    d. Fatigue, incompetence, or inattention;

    e. Failing to stop at a controlled highway intersection and yield until the intersection could be entered safely;

    f. Failing to maintain an assured clear distance;

  g. Failing to yield the right of way at an intersection;

  h. Moving from the lane of travel without first ascertaining that conditions permitted the movement in a safe manner;

  i. Driving to the left side of a roadway when approaching within one hundred feet of an intersection;

  j. Violating TEX. TRANSP. CODE ANN. §§545.056, 545.060(a), 545.062(a), 545.151, 545.152, and 545.351;

  k. Violating 49 CFR 392.1(a) and 392.2, and TEX. ADMIN. CODE. § 4.11(a), by failing to comply with the applicable Federal Motor Carrier Safety Regulations and Texas law, including but not limited to:

    i. Violating Federal Motor Carrier Model Commercial Driver's License Manual § 2.4.1 by failing to look well ahead to ensure enough room to make the intended movement safely;

    ii. Violating Texas Commercial Motor Vehicle Handbook 2.7.6 by failing to first reach the center of an intersection before starting a left turn and by failing to use the right lane to turn so as to allow more room for turning and better visibility of traffic from the left;

12.  Plaintiff's injuries were proximately caused by Mr. Crawford's tortious acts and omissions, including those that constitute negligence.

## B. Negligence *Per Se* as to Walter Crawford

13.  Mr. Crawford also owed a duty of ordinary care to Mr. Walker and breached his duty of care through his acts and/or omissions, including, but not limited to the following, which establish liability for negligence *per se*:

4

    a. Violating TEX. TRANSP. CODE ANN. § 545.151(a) by failing to stop at a controlled highway intersection and yield until the intersection could be entered safely.

    b. Violating 49 CFR 392.1(a) and 392.2, and TEX. ADMIN. CODE. § 4.11(a), by failing to comply with the applicable Federal Motor Carrier Safety Regulations and Texas law, including but not limited to:

        i. Violating 49 CFR 392.3 by operating a commercial motor vehicle while ability or alertness is or is likely to become impaired, through fatigue, illness, or any other cause;

        ii. Violating Texas Commercial Motor Vehicle Handbook 2.4.1 by failing to look far enough ahead and failing to look for traffic, so as to know what traffic is doing on all sides, ensuring there is enough room to safely maneuver, change lanes, or turn;

        iii. Violating Texas Commercial Motor Vehicle Handbook 2.7.7 by failing to make sure there was enough space to cross or enter traffic, considering the size of the Freightliner.

        iv. Violating Texas Commercial Motor Vehicle Handbook 2.9.6 and 2.10.2 by driving while distracted;

        v. Violating Texas Commercial Motor Vehicle Handbook 13.1.1 and 13.1.2 by failing to come to a complete stop behind the stop sign and by failing to check traffic in all directions and by moving the Freightliner into oncoming traffic and as he approached the intersection.

14. Plaintiff's injuries were proximately caused by Mr. Crawford's tortious acts and/or omissions, including those that constitute negligence *per se*.

### C. Gross Negligence as to Walter Crawford

15. Each of the above listed acts and/or omissions of Walter Crawford, taken singularly or in any combination, rise to the level of gross negligence. Mr.

5

Crawford's acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of harm to others. Mr. Crawford had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. By way of example, Mr. Crawford admitted to Plaintiff that he knew he was at fault for causing the Collision and knew that he should not have attempted to make the unsafe left turn. Mr. Crawford was grossly negligent, for which he is liable to Plaintiff for exemplary damages pursuant to TEX. CIV. PRAC. & REM. CODE §41.003.

### D.  *Respondeat Superior* liability as to Cardinal Logistics

16. At the time of the Collision and at all relevant times, and in operating the Freightliner, Mr. Crawford was an employee of Cardinal Logistics. Mr. Crawford was acting within the course and scope of his employment for Cardinal Logistics, within his general authority as an employee of Cardinal Logistics, in furtherance of Cardinal Logistics' business, and for the accomplishment of the object for which Mr. Crawford was hired, either as an actual or statutory employee, pursuant to the Federal Motor Carrier Safety Regulations.

17. Plaintiff invokes the doctrine of *respondeat superior* and vicarious liability against Cardinal Logistics. Cardinal Logistics is a carrier responsible for the acts and omissions of its actual and/or statutory employee, Mr. Crawford, as

described above. Further, pursuant to relevant Texas law and federal regulations, Cardinal Logistics, as the motor carrier, is responsible for the acts and omissions of its driver.

18. Plaintiff's injuries were proximately caused by Mr. Crawford's tortious acts and omissions, including his acts and omissions that constitute negligent and negligent *per se*, and therefore, under the doctrine of respondeat superior and vicarious liability, Cardinal Logistics is liable to Mr. Walker for Mr. Crawford's tortious acts and omissions.

### E. Negligence and Negligence *Per Se* as to Cardinal Logistics

19. At the time of the Collision and at all relevant times, Cardinal Logistics' conduct constituted negligence and/or negligence *per se*. Acts and/or omissions by Cardinal Logistics, independent of those of its driver, Mr. Crawford, violated established industry standards, applicable regulations, and state and federal law.

20. Cardinal Logistics owed Mr. Walker a duty of ordinary care, that is, a duty to exercise the degree of care that a reasonably prudent professional truck-driving business and/or motor carrier operator would exercise to avoid harm to others under the same or similar circumstances.

21. Cardinal Logistics breached its duty of care to Mr. Walker and is therefore liable to Mr. Walker by virtue of certain negligent, negligent *per se*, and reckless acts and/or omissions, including, but not limited to Cardinal Logistics'

negligent hiring, negligent supervision, and negligent retention of Mr. Crawford, despite the likely risks posed by his hiring and retention. Cardinal Logistics failed to properly train and supervise its drivers/employees and/or failed to hire competent drivers/employees, including Mr. Crawford.

22. Cardinal Logistics is liable to Plaintiff by virtue of certain negligent, careless, and reckless acts and/or omissions, including, but not limited to the following, each of which establishes liability for negligence and negligence *per se*:

   a. Violating 49 CFR 392.1(a) and 392.2, and Tex. Admin. Code. § 4.11(a), by failing to comply with the applicable Federal Motor Carrier Safety Regulations and Texas law;

   b. Failing to develop, implement, and maintain adequate safety policies and procedures to avoid causing injuries to drivers like Mr. Walker;

   c. violating 49 CFR 392.3 by requiring or permitting Mr. Crawford to operate the Freightliner while his ability or alertness was so impaired or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the Freightliner.

   d. Violating 49 CFR 392.1 by failing to instruct Mr. Crawford in and comply with the applicable Federal Motor Carrier Safety regulations.

   e. Violating 49 CFR 392.2 by failing to ensure that the Freightliner was operated in accordance with the laws, ordinances, and regulations of Texas in compliance with Federal Motor Carrier Safety regulations.

23. Plaintiff's injuries were proximately caused by Cardinal Logistics' tortious acts and omissions, including those that constitute negligence and negligence *per se*.

## VI. GROSS NEGLIGENCE AGAINST CARDINAL LOGISTICS

24. Each of the above listed acts and/or omissions of Cardinal Logistics, taken singularly or in any combination, rise to the level of gross negligence. Cardinal Logistics' acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of harm to others. Cardinal Logistics had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. By way of example, Cardinal Logistics negligently hired and retained Mr. Crawford, who admitted to Plaintiff that he knew he was at fault for causing the Collision and knew that he should not have attempted to make the unsafe left turn. Cardinal Logistics was grossly negligent, for which it is liable to Plaintiff for exemplary damages pursuant to TEX. CIV. PRAC. & REM. CODE §41.003.

## VII. CAUSATION AND DAMAGES

25. Plaintiff's injuries were proximately caused by Mr. Crawford's and Cardinal Logistics' acts and/or omissions that were violations of industry standards, Texas law, and federal law, and that constitute negligence and negligence *per se*.

Case 4:21-cv-00713   Document 1   Filed on 03/04/21 in TXSD   Page 10 of 12

As a proximate result of Defendants' tortious acts and omissions, Plaintiff suffered severe personal injuries and damages, including the following elements in the past and future:

    a. medical expenses;

    b. loss of earning capacity;

    c. physical impairment;

    d. physical pain;

    e. mental anguish; and

    f. disfigurement.

26. In connection with Plaintiff's claims of gross negligence, Plaintiff also seeks recovery of exemplary or punitive damages. Plaintiff seeks the imposition of exemplary damages from Defendants without limitation as imposed by §§ 41.003, 41.008 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE.

## VIII. DEMAND FOR A TRIAL BY JURY

27. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with FED. R. CIV. P. 38, a trial by jury on all issues raised herein.

## IX. PRAYER

28. For the foregoing reasons, Plaintiff requests this Court to issue citation to Defendants to answer and upon a trial by jury of this matter, enter judgement

10

against the above-named Defendants for compensatory damages in an amount in excess of $75,000.00. Specifically, Plaintiff asks for judgment against Defendants for the following:

    a. Actual damages above the jurisdictional minimum of the Court, including but not limited to the following:

        (1) medical expenses in the past and future;

        (2) loss of earning capacity in the past and future;

        (3) physical impairment in the past and future;

        (4) physical pain in the past and future;

        (5) mental anguish in the past and future;

        (6) disfigurement in the past and future.

    b. Exemplary damages;

    c. Prejudgment and post-judgment interest at the maximum rate allowed by law;

    d. Costs of suit;

    e. Such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

THE DE LA GARZA LAW GROUP

By: */s/ Mario E. de la Garza*
    Mario E. de la Garza
    State Bar No. 24040785
    S.D. Tex. No. 564456
    mdelagarza@dlgtriallaw.com
    1616 S. Voss, Suite 870
    Houston, Texas 77057
    (713) 784-1010
    (713) 784-1011 (fax)

ATTORNEY-IN-CHARGE FOR PLAINTIFF